UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JONATHAN LOPEZ, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 25-4122 |
| ) | |
| TYRONE BAKER *et al.*, ) | |
|     Defendants. ) | |

### ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983, a Motion for Counsel (Doc. 5), and Motions for Scheduling Order (Docs. 11-12) filed by Plaintiff Johnathan Lopez, an inmate at Pinckneyville Correctional Center.

I.  **Complaint**

    **A. Screening Standard**

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. Upon reviewing the complaint, the Court accepts the factual allegations as accurate, construing them liberally in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be

provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Background

Plaintiff's pleading concerns violations at Hill Correctional Center ("Hill") allegedly committed by the following officials: Warden Tyrone Baker, Corrections Officer Sage, and John Doe.

On May 28, 2025, Plaintiff was escorted to the administrative building for a family visit. (Pl. Compl., Doc. 1 at 3.) After arriving, Plaintiff noticed that Scott, another inmate, was also waiting. Plaintiff and Scott had a physical altercation in November 2024, which resulted in an institutional order to keep Plaintiff and Scott separated from each other. Plaintiff informed Doe that he was not supposed to be near Scott, and the chance existed that Scott would attack Plaintiff. Doe told Plaintiff that nothing would happen, but Scott immediately punched Plaintiff several times. Plaintiff attempted to defend himself, but Doe and another responding corrections officer slammed Plaintiff to the floor. (Pl. Compl., Doc. 1 at 3:1-5.) Defendant Sage dispersed oleoresin capsicum spray inside the visiting room. (*Id.* at 4.) Plaintiff claims he was denied medical care after the incident. (*Id.*)

### C. Analysis

Under Federal Rule of Civil Procedure 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above

a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016).

Plaintiff asserts that he was denied medical treatment after the physical altercation, but Plaintiff does not identify the individual or individuals who denied him medical care. Thus, Plaintiff does not state a plausible claim. *See Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) ("[A] plausible claim must include 'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff also does not state a claim against Defendant Baker. Plaintiff claims that he sent Baker a letter but never received a response. Plaintiff provides an unsigned copy of a letter, which recounts the physical altercation on May 28, 2025, and that Plaintiff was not medically checked after the altercation. (Pl. Compl. Doc. 1 at 8-9.) However, a letter detailing events that have already occurred is insufficient to state a claim against the intended recipient. *See Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance.").

"[T]he use of tear gas or a chemical agent is [not] a per se violation of the Eighth Amendment, whether an inmate is locked in his cell or not." *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984). "[T]he appropriateness of the use must be determined by the facts and circumstances of the case." *Id.* "[I]t is a violation of the Eighth Amendment for prison officials to use mace or other chemical agents in quantities greater than necessary or for the sole purpose of punishment or the infliction of pain." *Id.* "The use of mace, tear gas

or other chemical agent of the like nature when reasonably necessary to prevent riots or escape or to subdue recalcitrant prisoners does not constitute cruel and inhuman punishment." *Id.*

Plaintiff's account of Defendant Sage's decision to disburse mace on May 28, 2025, does not permit the inference that she did so in violation of the Eighth Amendment. "A prison official is liable for failing to protect an inmate from another prisoner only if the official 'knows of and disregards an excessive risk to inmate health or safety[.]'" *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

The Court concludes that Plaintiff's account is sufficient to state an Eighth Amendment failure to protect claim against Defendant Doe. However, because the Court cannot effect service of process upon a Doe Defendant, the Court *sua sponte* adds Defendant Baker as a party solely to facilitate the identification of Doe. *See Donald v. Cook Co. Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996) (concluding that a court may allow the case to proceed to discovery against a high-level official with the expectation that she will aid in identifying any Doe Defendants).

## II.  Counsel and Scheduling Order

Plaintiff moves for the recruitment of counsel. Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept *pro bono* appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request

counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff's Motion for Counsel (Doc. 5) is denied because he has not satisfied his threshold burden of demonstrating that he has attempted to hire counsel, which typically requires writing to several lawyers and attaching the responses received.

Plaintiff's Motions for Scheduling Order (Docs. 11, 12) are denied as premature. As noted below, the Court will enter a Scheduling Order at the proper time.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motions for Counsel (Doc. 5) and Scheduling Order (Docs. 11, 12) are DENIED.**

2) **According to the Court's screening of Plaintiff's Complaint [1] under 28 U.S.C. § 1915A, Plaintiff states an Eighth Amendment failure to protect claim against Defendant Doe. Defendant Baker will remain as a Defendant for the sole purpose of assisting Plaintiff in identifying Doe. Plaintiff's claim against Doe proceeds in an individual capacity only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

3) **The Court directs the Clerk of the Court ("Clerk") to dismiss Corrections Officer Sage as a party.**

4) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.**

5) The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed Answers or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6) If Defendant no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendant shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered.

8) This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) The Court grants Defendant's counsel leave to depose Plaintiff at his place of confinement. Defendant's counsel shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11) **If Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require that Defendant to pay the full costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

12) **The Court directs the Clerk to enter the standard qualified protective Order under the Health Insurance Portability and Accountability Act.**

13) **The Court directs the Clerk to attempt service on Defendant under the standard procedures.**

ENTERED November 19, 2025.

s/ *Coleen R. Lawless*

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE
